Filed 8/18/21  Conservatorship of J.G. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Conservatorship of the Person of J.G. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>J.G.,<br><br>　　　Defendant and Appellant. | A160321<br><br>(Contra Costa County<br> Super. Ct. No. MSP-10-00060) |

**BACKGROUND**

On March 2, 2020, the Contra Costa County Public Guardian (Public Guardian) filed a petition seeking reappointment as conservator of the person of J.G. pursuant to the Lanterman-Petris-Short (LPS) Act.  (Welf. & Inst. Code,[1] § 5000 et seq.)  The petition alleged that, as a result of a mental disorder, J.G. was unable to provide for her "basic personal needs for food, clothing, and shelter, and as [a] result continue[d] to be gravely disabled."  As required by section 5361, the declarations of two physicians were attached to the petition, attesting to the fact that J.G. was gravely disabled.  In addition

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

1

to reappointment as J.G.'s conservator, the Public Guardian requested that the court impose two disabilities: a firearms/deadly weapon prohibition and an order that J.G. be denied the right to refuse treatment related to being gravely disabled, including psychotropic medications.

After a continuance due to the COVID-19 pandemic, a bench trial was held remotely via ZOOM on June 2, 2020. Dr. Levin's resume was admitted into evidence, and he was qualified as an expert in psychiatry and grave disability. He testified that J.G.'s mental illness caused her to be unable to provide for her shelter and that she was therefore gravely disabled. J.G.'s deputy conservator during the prior five years testified regarding her interactions with J.G., and records from J.G.'s current placement were admitted into evidence. After argument, the trial court found beyond a reasonable doubt that J.G. was gravely disabled in that, because of a mental disorder, she was unable to provide for her shelter. The court granted the reappointment petition, found that J.G.'s current placement was the least restrictive, and determined by clear and convincing evidence to impose the two requested special disabilities.

J.G. filed a timely notice of appeal. In her opening brief, she argued that insufficient evidence supported the following trial court findings: (1) that she was unable to provide for her own basic personal needs for shelter; (2) that her current placement was the least restrictive available placement; and (3) that the medical decisional disability was necessary under the circumstances of her case. J.G. further asserted that the reappointment order must be reversed because the record failed to establish that she knowingly and intelligently waived her right to a jury trial. After filing a respondent's brief, the Public Guardian filed a request for judicial notice and motion to dismiss this appeal as moot. Specifically, the Public Guardian

asked that we take judicial notice of the May 21, 2021 order reappointing the Public Guardian as J.G.'s conservator, arguing that this subsequent order rendered the current appeal moot.[2] Having since received J.G.'s reply brief as well as her opposition to the Public Guardian's motion to dismiss, the matter is now before us for decision.

## DISCUSSION

As a general rule, it is the duty of an appellate court " ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) "A case is considered moot when 'the question addressed was at one time a live issue in the case,' but has been deprived of life 'because of events occurring after the judicial process was initiated.' " (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574.) "The pivotal question in determining if a case is moot is therefore whether the court can grant the plaintiff any effectual relief." (*Ibid.*)

Here, J.G. concedes that this case, which challenges the June 2020 reappointment order, is moot given that the trial court reappointed the Public Guardian as her conservator in May 2021 for an additional year. As she correctly asserts, however, "the general rule regarding mootness 'is tempered by the court's discretionary authority to decide moot issues.' " (*People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1150.) In particular, "if a

---

[2] We grant the Public Guardian's unopposed request that we take judicial notice of the May 2021 reappointment order, including the fact that J.G. has initiated an appeal from that order (A162724). (Evid. Code, §§ 452, subd. (c)&(d), 459, subd. (a).)

3

pending case poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.* (1970) 3 Cal.3d 16, 23; see also *In re David B.* (2017) 12 Cal.App.5th 633, 654 [retaining a moot appeal may be appropriate where resolving the issue on the merits "will have some precedential consequence in future litigation generally"].)

J.G. argues that we should exercise our discretion to address her challenge to the imposition of the medical decisional disability because it presents an important legal question that would otherwise evade review: whether appellate courts "must affirm the imposition of special disabilities whenever it could be warranted by the record, or if the record must disclose that the trial court was aware of the finding it was required to make before imposing the disabilities, that it considered the evidence proffered on the issue, and that it in fact made the finding." J.G. acknowledges that *Conservatorship of George H.* (2008) 169 Cal.App.4th 157 (*George H.*), rejects the need for "a specific, on-the-record statement of the reasons" for imposition of a disability, relying on the usual appellate rule that we " 'presume in favor of the judgment every finding of fact necessary to support it warranted by the evidence.' " (*Id.* at p. 165.) She asserts, however, that this holding conflicts with *Conservatorship of Walker* (1989) 206 Cal.App.3d 1572 (*Walker*), which suggests that "[t]he better practice is for the conservator to disclose, by the questions asked or the argument made, the evidence relied upon to support special disabilities under section 5357." (*Id.* at p. 1578.)

We decline to exercise our discretion as J.G. requests. A sufficiency-of-the-evidence challenge to the imposition of a special disability is inherently fact specific, and we are not convinced J.G. has identified a meritorious legal

4

claim on this record.  Moreover, it appears the precedent she seeks already exists.  As this court explained in *K.G. v. Meredith* (2012) 204 Cal.App.4th 164 (*K.G.*), *George H.* establishes that "there is no clear statutory requirement that the court make an express finding of decisional incapacity before imposing the medical treatment disabilities."  (*Id.* at p. 179, citing *George H.*, *supra*, 169 Cal.App.4th at p. 165-166.)  However, "the record must disclose that the trial court was aware of the finding it was required to make before imposing the disabilities, that it considered the evidence proffered on the issue, and that it in fact made the finding."  (*K.G., supra,* at p. 179, citing *Walker*, *supra*, 206 Cal.App.3d at p. 1578.)  Given this clear statement of the law, we see no need to add to the conversation in a case where no effective relief can be granted.

## DISPOSITION

The appeal is dismissed as moot.

_____
SANCHEZ, J.

We concur.

_____
HUMES, P.J.

_____
MARGULIES, J.

(A160321)

6